IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KEAVY HARRIS, #12896-042 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:12cv94 |
| | § | CRIMINAL ACTION NO. 4:08cr60(4) |
| UNITED STATES OF AMERICA | § | |

## **MEMORANDUM OPINION AND ORDER**

Movant Keavy Harris, a prisoner confined at Memphis F.C.I. in Memphis, Tennessee, proceeding *pro se*, filed the above-styled and numbered motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

### I. BACKGROUND

On February 1, 2010, the court sentenced Movant to 360 months of imprisonment after he entered an open plea of guilty to conspiracy to distribute and possess with intent to distribute cocaine and marijuana, in violation of 18 U.S.C. § 846. On October 22, 2010, the Fifth Circuit Court of Appeals affirmed Movant's conviction and sentence. He did not file a writ of certiorari. The court reduced his sentence to 180 months' imprisonment on March 7, 2011, based on the Government's Rule 35(b) motion.

In his § 2255 motion, Movant claims that he is entitled to relief because of instances of alleged ineffective assistance of counsel and the court's alleged erroneous interpretation of the Sentencing Guidelines. The Government filed a Response, asserting that Movant's motion is barred by the statute of limitations and his knowing and voluntary guilty plea. Alternatively, the Government argues that Movant's issues are either without merit or are not cognizable on collateral review. A Report and Recommendation was issued, recommending that his case be denied because

1

it was time-barred. However, Movant filed meritorious objections concerning the limitations period. Thus, the instant Memorandum Opinion is issued.

## II. § 2255 PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-01 (5th Cir. 1992). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

## III. GUILTY PLEA

Movant asserts that his guilty plea was involuntary based on trial counsel's ineffectiveness.

**Legal Standard**

A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). In order to succeed on a claim of ineffective assistance of counsel, a movant must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.*, 466 U.S. at 690, 104 S. Ct. at 2066. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981); *Rubio v. Estelle,* 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d

279 (5th Cir. 1984). Secondly, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Movant must "affirmatively prove," not just allege, prejudice. *Id.,* 466 U.S. at 693, 104 S. Ct. at 2067. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id.*, 466 U.S. at 697, 104 S. Ct. at 2069.

The duty of defense counsel to a defendant who desires to enter a plea of guilty is to ascertain that the plea is voluntarily and knowingly made. *United States v. Diaz*, 733 F.2d 371, 376 (5th Cir. 1984). The two-prong test *Strickland* test applies to cases involving guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S. Ct. 366, 370, 88 L. Ed.2d 203 (1985). A movant must show that he did not understand the nature of a constitutional protection he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James*, 56 F.3d at 666. Thus, if a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review. *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983).

If a Movant challenges his guilty plea, there must be independent indicia of the likely merit of his contentions, and mere contradictions of his statements at the guilty plea will not carry his burden. *Davis v. Butler*, 825 F.2d 892, 894 (5th Cir. 1987). The validity of a guilty plea is a question of law and will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently. *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).

**Discussion**

Here, Movant claims that his plea was involuntary because it was the product of his trial counsel's ineffectiveness. Specifically, he asserts that his guilty plea was based on misunderstandings, duress, or misrepresentations from his trial counsel. The court first notes that

3

Movant has provided nothing but his conclusory allegation that his plea was involuntary or unknowing. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Ross v. Estelle,* 694 F.2d 1008, 1012 (5th Cir. 1983) ("absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value"); *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982).

At the change of plea hearing, the record shows that Movant was confused at times. However, the court was careful to explain issues further to Movant's satisfaction. The court even recessed the hearing so that a more general statement concerning the elements of the crime charged could be generated. Movant said that he did not know the specific amounts of money that he was collecting in the conspiracy. So, the specific amounts of money – $23,000, $21,000, $46,500, $33,500, $32,000, $36,000 – were changed to "several thousands of dollars." Movant was satisfied with the more general statement of actions to which he was pleading guilty. He has failed, however, to allege any specific facts showing that he was not adequately informed of the nature of the charges against him or the consequences of pleading guilty prior to his guilty plea.

A review of the record shows that, at Movant's change of plea hearing, he said:

1. His plea was voluntary;
2. He understood the charges against him;
3. He understood the sentencing range;
4. He understood that the sentence would be no less than ten years and no more than life imprisonment;
5. He understood how the Sentencing Guidelines might apply to his case;
6. He understood the rights he was waiving by pleading guilty;
7. He was not under the influence of drugs or alcohol that could affect his mental

       capabilities;

8. His guilty plea was voluntary, and not the produce of any force, threat, or promise; and

9. He was satisfied with the representation of his counsel.

*See generally*, Transcript of Change of Plea Hearing at 6-36, *Harris*. The court admonished Movant as to the charges against him. The court further explained the rights Movant was giving up by pleading guilty to a felony. Movant stated that he understood the rights that he was waiving. He also said that there had been no other promises made to him or threats against him leading him to plead guilty. He said that he was pleading guilty voluntarily, of his own free will, because he is guilty of the crime charged. Formal declarations in open court carry with them a strong presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L. Ed.2d 136 (1977). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *Diaz*, 733 F.2d at 373-74. Movant has failed to prove that he was given deficient or misleading advice or that he was coerced into pleading guilty. Thus, he cannot show that, but for trial counsel's advice, he would have taken his chances at trial. Conclusory allegations and bald assertions are insufficient to support the motion. *Ross*, 694 F.2d at 1011; *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. The Fifth Circuit has held that a defendant's testimony at the plea colloquy that no one attempted in any way to force him to plead guilty carries a strong presumption of verity. *United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994). In cases where the record establishes that the defendant understood the nature of the charge against him and the direct consequences of his act, the rudimentary demands of a fair proceeding and a knowing, voluntary plea are satisfied. *Wright v. United States*, 624 F.2d 557, 561 (5th Cir. 1980).

Movant fails to show that he did not understand the nature of a constitutional protection that he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James*, 56 F.3d at 666 (5th Cir. 1995). Movant fails to

show deficient performance or prejudice under the *Strickland* standard. *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. He has provided nothing but conclusory claims, and the record refutes his claims. *Davis*, 825 F.2d at 894 (the petitioner must present an independent indicia of the likely merit of his content – mere contradictions of his statements at the guilty plea does not meet his burden). Without evidence in the record, his bald assertions present nothing for review. *Ross*, 694 F.2d at 1011; *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799.

Movant also fails to show that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill,* 474 U.S. at 58-59, 106 S. Ct. at 370-71. A guilty plea must be upheld on habeas review if entered into knowingly, voluntarily, and intelligently. *Montoya*, 226 F.3d at 404. The court found that Movant, after consultation with counsel, knowingly and voluntarily pleaded guilty to the charges. It also found that Movant was fully competent and capable of entering an informed plea, that he was aware of the nature of the charges and the consequences of the plea, and that his guilty plea is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses. Any allegations that Movant's plea was not knowingly or voluntarily made are contradicted by his plea hearing.

Based on a careful review of the record, this court concludes, likewise, that Movant's plea of guilty was knowing and voluntary. A guilty plea generally waives constitutional deprivations occurring prior to the plea, *Haring v. Prosise*, 462 U.S. 306, 319-20, 103 S. Ct. 2368, 2376-77, 76 L. Ed.2d 595 (1983), except a habeas claim challenging the validity of the guilty plea itself, *Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir. 2000), *cert. denied* 531 U.S. 830, 121 S. Ct. 291, 148 L. Ed.2d 44. A knowing and voluntary guilty plea waives all nonjurisdictional deprivations that occurred prior to the plea. *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608, 36 L. Ed.2d 235 (1973). Once a guilty plea has been entered, all nonjurisdictional defects in the proceedings are waived. *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992). This waiver includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness

relates to the giving of the guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983), *cert. denied*, 466 U.S. 906, 104 S. Ct. 1685, 80 L. Ed.2d 159 (1984). Thus, Movant's claims that his counsel filed an improper motion, failed to give an accurate prediction of Movant's sentence, and failed to file a motion-in-limine are waived.

## IV. SENTENCING GUIDELINES

Movant also claims that the court's interpretation of the sentencing guidelines was erroneous. Specifically, he claims the court erred in overruling his objection to the Presentence Report's criminal history score, which assigned criminal history points for convictions that carried no prison time. However, the Fifth Circuit has held that a district court's technical application of the Sentencing Guidelines does not give rise to constitutional issues. *United States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994). Furthermore, Movant raised this issue on direct appeal. It is well-settled that, absent countervailing equitable considerations, a § 2255 movant cannot relitigate issues raised and decided on direct appeal. *United States v. Rocha,* 109 F.3d 225, 299 (5th Cir. 1997); *Withrow v. Williams*, 507 U.S. 680, 113 S. Ct. 1745, 123 L. Ed.2d 407 (1993). "[I]ssues raised and disposed of in a previous appeal from an original judgment of conviction are [generally] not considered in § 2255 motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)). Thus, this issue is barred from collateral review.

## V. CONCLUSION

This court has concluded that Movant's guilty plea was a knowing and voluntary plea. Consequently, the issues raised in his § 2255 motion concerning ineffective assistance of counsel are waived. *Henderson*, 411 U.S. at 267, 93 S. Ct. at 1608 (a knowing and voluntary guilty plea waives all nonjurisdictional deprivations that occurred prior to the plea). Furthermore, Movant's issue concerning the court's application of the Sentencing Guidelines is barred from collateral review. Accordingly, it is

**ORDERED** that the motion to vacate, set aside or correct sentence is **DENIED** and

Movant's case is **DISMISSED** with prejudice. It is further

**ORDERED** that all motions not previously ruled on are hereby **DENIED**.

**SIGNED this 30th day of March, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE